IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY WILBOURN, 06946-027,

    Petitioner,

v.

JAMES CROSS, Warden,
FCI GREENVILLE,

    Respondent.                          Case No. 11-cv-01127-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Before the Court is petitioner Anthony Wilbourn's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Wilbourn, an inmate at the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"), brings this habeas corpus action to challenge the sentence (an aggregate term of 384 months imprisonment) that was imposed after his 2002 conviction in the Northern District of Indiana for bank robbery and brandishing a firearm during a crime of violence.

    At sentencing, Wilbourn was sentenced as a career offender based on the following: (1) the petitioner was over 18 when he committed the bank robbery, which the court determined was a crime of violence and (2) the petitioner's Indiana convictions for residential burglary and criminal recklessness, which the court determined (per the then-applicable case law) to be violent felonies).

*Wilbourn v. U.S.,* 2011 WL 6339845, *1 (N.D. Ind. Dec. 16, 2011) (summarizing the basis for Wilbourn's sentencing enhancement). At issue in this petition, is Wilbourn's Indiana conviction for criminal recklessness. Wilbourn, argues that based on *Begay v. United States,* 553 U.S. 137, 128 S.Ct. 1581, 1586, 170 L.Ed.2d 490 (2008), his Indiana conviction for criminal recklessness should not have been considered a violent felony for criminal purposes.

Notably, in 2009, Wilbourn raised the same argument in a § 2241 petition filed with this Court.[1] The Court concluded that "Wilbourn fail[ed] to make a non-frivolous claim of actual innocence of the crime of conviction that is necessary to satisfy the Seventh Circuit's standard for a federal prisoner to collaterally attack his sentence via 28 U.S.C. § 2241." *Wilbourn v. Sherrod,* 2009 WL 3060199 (S.D. Ill. Sept. 22, 2009) (not reported). As a result, this Court denied and dismissed Wilbourn's claim with prejudice. *Id*.

The primary difference between Wilbourn's current § 2241 habeas petition and his 2009 § 2241 habeas petition is his reliance on the Seventh Circuit's recent decision in *United States v. Narvaez,* 674 F.3d 621 (7th Cir. 2011). Wilbourn contends that under *Narvaez* the sentencing enhancement at issue in the present case is a fundamental sentencing defect that must be corrected.

---

[1] Willbourn has also filed numerous § 2255 petitions in the Northern District of Indiana. All of which have been dismissed.

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[2]

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered.  This preliminary order to respond does not, of course, preclude the government from making whatever waiver, exhaustion, or timeliness arguments it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

**IT IS FURTHER ORDERED** that the petitioner's motion for judicial notice of adjudicated facts is **DENIED** as premature. For the time being, the Court will treat the motion as a memorandum of law in support of the § 2241 petition.

**IT IS SO ORDERED.**

Signed this 4th day of September, 2012.

Digitally signed by David R. Herndon
Date: 2012.09.04 17:26:19 -05'00'

**Chief Judge**
**United States District Court**